UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUMAC DISTRIBUTORS - U.S. LBM,
LLC, a Delaware Limited Liability
Company,

      Plaintiff,

v.                                              Case No.: 2:19-cv-220-FtM-99UAM

LOUIS LUONGO, III, ALL GLASS &
WINDOWS, LLC, DIRECT WINDOW
& DOOR SUPPLY, INC. and AGW
SRQ, INC.,

      Defendants.
_____/

## **STIPULATED JOINT PROTECTIVE ORDER**[1]

This matter comes before the Court on a Joint Motion for Entry of Stipulated Preliminary Injunction Regarding Trade Secrets Directed to Defendant Louis Luongo, III ("Luongo") (Doc. 36) filed on May 31, 2019. Plaintiff LouMac Distributors – U.S. LBM, LLC ("LouMac") and Defendant Luongo stipulate for the entry of a preliminary injunction without prejudice to Luongo's ability to fully defend himself on the merits of Plaintiff's statutory trade secret claim. Upon review of the filing and because the parties are in agreement, the Court will enter the Joint Protective Order as set forth below.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Accordingly, it is now

**ORDERED:**

(1) The Joint Motion for Entry of Stipulated Preliminary Injunction Regarding Trade Secrets Directed to Defendant Louis Luongo, III (Doc. 36) is **GRANTED**.

(2) Plaintiff LouMac and Defendant Luongo have stipulated to the entry of this Stipulated Preliminary Injunction regarding trade secrets.

(3) Plaintiff LouMac and Defendant Luongo have stipulated to the existence of all necessary facts and legal requirements, including irreparable harm to Plaintiff LouMac, for entry of this Stipulated Preliminary Injunction under Fed. R. Civ. P. 65(a)(1). Plaintiff LouMac and Defendant Luongo's stipulation of facts and legal requirements is limited in this case solely to support this Stipulated Preliminary Injunction. The Court adopts Plaintiff LouMac and Defendant Luongo's stipulations contained in their Stipulated Joint Motion for Entry of Stipulated Preliminary Injunction for Trade Secrets.

(4) Plaintiff LouMac and Defendant Luongo have waived any necessary bond or hearing for this Stipulated Preliminary Injunction, and no bond or hearing is required.

(5) This Stipulated Preliminary Injunction is without prejudice to Plaintiff LouMac and Defendant Luongo's right to seek attorneys' fees and costs in this action as a prevailing party, but Plaintiff LouMac may not use the entry of this Stipulated Preliminary Injunction as a basis to recover attorneys' fees and costs from Defendant Luongo.

(6) This Stipulated Preliminary Injunction is without prejudice to Defendant Luongo's ability to fully defend himself on the merits of Plaintiff LouMac's statutory trade secret claims, and plead and prove affirmative defenses to oppose the statutory trade secret claims. Plaintiff LouMac shall not use this Stipulated Preliminary Injunction to

support the entry of any permanent injunction against Defendant Luongo. This Stipulated Preliminary Injunction is without prejudice to Plaintiff LouMac's right to seek a permanent injunction against any or all Defendants in this case.

(7) Defendant Luongo, directly or indirectly through any third party, shall not use or disclose Plaintiff's confidential information and trade secrets for any purpose. For purposes of this Stipulated Preliminary Injunction "confidential information" and "trade secrets" include:

a. the identity of Plaintiff LouMac's existing, prior, and prospective customers, and marketing plans concerning such customers, known or possessed by Defendant Luongo;

b. non-public information concerning the ordering history, ordering preferences and practices, personnel and personal information concerning such personnel including emails and phone numbers, of Plaintiff LouMac's existing, prior and prospective customers, known or possessed by Defendant Luongo;

c. Plaintiff LouMac's profit margins, accounting records, sales records, personnel records, and methodology, practices and strategies for pricing sales to customers or prospective customers, known or possessed by Defendant Luongo;

d. Plaintiff LouMac's pricing concessions or agreements with customers and suppliers, pricing practices, formal and informal pricing agreements between Plaintiff LouMac's window suppliers, and the supplier's personnel and personal information concerning such personnel including emails and phone numbers, known or possessed by Defendant Luongo and;

e. Plaintiff LouMac's personnel, their job duties, their pay, and personal information about such personnel including emails and phone numbers, known or possessed by Defendant Luongo.

f. "Trade secrets" and "confidential information" shall not include any person's personal phone number and contact information that Defendant Luongo possesses and uses solely for personal reasons unrelated to Plaintiff LouMac's business or the sale of windows in Florida.

(8) This Order does not prevent or limit Defendant Luongo from using personal phone numbers or contact information to engage in personal communications with individuals when such communications do not reveal LouMac's confidential information and trade secrets, and are wholly unrelated to the sale or potential sale of windows or other services by LouMac or its competitors.

(9) Defendant Luongo shall, within ten (10) days of the entry of this Order, return all of Plaintiff LouMac's confidential information and trade secrets in his possession in tangible non-ESI form, or confirm to Plaintiff LouMac through counsel that he has no such confidential information and trade secrets in his possession in tangible non-ESI form.

(10) This Stipulated Preliminary Injunction is effective immediately, and shall end when the Court enters any final judgment involving Defendant Luongo, any permanent injunction against Defendant Luongo, dismisses this action entirely or as against Defendant Luongo, or as otherwise ordered by the Court.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of June, 2019.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record