UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUMAC DISTRIBUTORS - U.S. LBM,
LLC, a Delaware Limited Liability
Company,

      Plaintiff,

v.                                      Case No.:  2:19-cv-220-FtM-38NPM

LOUIS LUONGO, III, ALL GLASS &
WINDOWS, LLC, DIRECT WINDOW
& DOOR SUPPLY, INC. and AGW
SRQ, INC.,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Defendants All Glass & Windows LLC, Direct Window & Door Supply Inc., and AGW SRQ Inc.'s Partial Motion to Dismiss Count IV (Doc. 63) filed on July 24, 2019.[2]  Plaintiff filed a Response in Opposition (Doc. 71) and Defendants replied (Doc. 74).  For the reasons below, the Motion is granted in part and denied in part with leave to amend.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Defendant Louis Luongo, III took no part in the Motion to Dismiss and has filed an Answer to Count IV.  (Doc. 56).

# BACKGROUND

This action arises from an employment relationship gone sour. These facts are based on the Amended Complaint (Doc. 52), which the Court must accept as true at this stage of litigation: LouMac Distributors – U.S. LBM, LLC ("LouMac") is a leading building material distributor in Southwest Florida, which is a highly competitive industry. LouMac's success depends largely on its trade secrets and proprietary and confidential information, as well as the relationships and good will is has developed with customers, suppliers, and vendors. Louis Luongo, III was formerly employed by LouMac as Executive Sales Manager pursuant to an Employment Agreement that contains restrictive covenants. In his position, Luongo was entrusted with LouMac's trade secrets and confidential and proprietary information. In addition, Luongo was one of the previous owners of LouMac Distributors, Inc., and one of the original majority founders of that corporation. That corporation's assets were purchased by Plaintiff in September 2015 pursuant to an Asset Purchase Agreement ("APA"), which also contains restrictive covenants.

LouMac terminated Luongo's employment as an Executive Sales Manager on February 12, 2018. Thereafter, Luongo went to work for Direct Window, All Glass, and/or AGW SRQ, Inc. (hereinafter "Defendants"), and breached his duties to LouMac by misappropriating and using LouMac's trade secrets and confidential and proprietary information with which he was entrusted. Upon information and belief, after leaving LouMac, Luongo immediately began secretly diverting business from LouMac to Defendants in breach of the employment agreement and APA. And Defendants encouraged and facilitated Luongo and conspired with Luongo to hide their relationship from LouMac in the market. This activity caused irreparable harm and damages to

LouMac and significantly damaged LouMac's ability to compete in the Southwest Florida market.

Plaintiff has filed a seven-count Amended Complaint (Doc. 52) but only one count is at issue here – Count IV for conversion against all Defendants. Defendants have answered all the other counts. (Docs. 56, 57).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a pleading for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned the defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). The pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, a court must accept well-pleaded allegations of a complaint as true, but it is not bound to accept legal conclusions couched as facts. Iqbal, 556 U.S. at 678. And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'— 'that the plaintiff is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). If a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," the complaint fails to state claim. Twombly, 550 U.S. at 570.

## DISCUSSION

### A. Failure to State a Claim

"Under Florida law, the elements of conversion are (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." *Joe Hand Promotions, Inc. v. Creative Entm't, LLC*, 978 F. Supp. 2d 1236, 1241 (M.D. Fla. 2013). Defendants argue that Count IV never alleges that *Defendants* wrongfully asserted such dominion and control over LouMac's trade secrets and confidential proprietary information, only that Luongo did so. Plaintiff responds that its allegations are sufficient (with no citation to authority) because it alleges that Defendants "knowingly accepted the benefits of Luongo's wrongful conduct" and "directly encouraged, participated in, and induced Luongo's breach of his legal obligations to LouMac. . . ." (Doc. 52 at ¶ 3).

Even so, Plaintiff does not allege that Defendants asserted dominion and control over LouMac's property, only that they accepted the benefits and participated in Luongo's wrongful conduct. The Court will not read facts into the Amended Complaint that are not specifically alleged, and thus, the Court will dismiss Count IV without prejudice and allow Plaintiff to amend. The Court further notes that Plaintiff alleges that "[a]fter this lawsuit was served, Direct Window, All Glass, and AGW notified LouMac that their relationship with Luongo had been formally terminated and that Luongo no longer had any relationship with Direct Window, All Glass, or AGW." (Doc. 52 at ¶ 33). Therefore, the Court questions whether Defendants would even still be in possession of any of Plaintiff's property that it should be required to return. Plaintiff should clarify this if it choses to file a second amended complaint.

4

### B. Preemption

To the extent that Plaintiff might file a Second Amended Complaint and re-plead Count IV, Defendants also argue that Plaintiff's conversion claim is preempted by the Florida's Uniform Trade Secrets Act, Fla. Stat. § 688.008 (FUTSA). Section 688.004 of FUTSA states that a complainant may recover damages for the misappropriation of its trade secrets. Section 688.008 of the Act provides that the FUTSA "displace[s] conflicting tort, restitutory, and other law of this state providing civil remedies for misappropriation of a trade secret." The Act specifies that this preemption does not apply to "contractual remedies, whether or not based upon misappropriation of a trade secret" or "other civil remedies that are not based upon misappropriation of a trade secret." Thus, FUTSA preempts all claims, other than claims *ex contractu*, based on misappropriation of trade secrets. Plaintiff responds that it is claiming conversion of both trade secrets *and* confidential business information (Doc. 52 at ¶¶ 2, 3, 10), and whether a particular type of information constitutes a trade secret is a question of fact.

The Court agrees that at this stage in the litigation it is unclear what information and evidence constitutes trade secrets such that the conversion claim might be preempted by the FUTSA. *See Vacation Club Svs., Inc. v. Rodriguez*, No. 6:10-cv-247-Orl-31GJK, 2010 WL 1645129, at *2 (M.D. Fla. April 22, 2010) (denying defendant's motion to dismiss plaintiff's conversion claim as preempted by the FUTSA because plaintiff's alleged "confidential database of its timeshare members" had not yet been determined to be a trade secret and plaintiff was "free to plead in the alternative.") Therefore, Defendants' Motion is denied with respect to preemption.

Accordingly, it is now

**ORDERED:**

Defendants' Partial Motion to Dismiss Count IV (Doc. 63) is **GRANTED IN PART AND DENIED IN PART** to the extent that Count IV is dismissed without prejudice for failure to state a claim with leave to file a Second Amended Complaint by **September 26, 2019**. If no Second Amended Complaint is filed this case will proceed on the Amended Complaint (Doc. 52) absent Count IV.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of September, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record